UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

S.M., individually and as parent and next
friend of F.M., a child with a disability,

       Plaintiff,

  -against-          1:11-CV-1085 (LEK/RFT)

TACONIC HILLS CENTRAL SCHOOL
DISTRICT,

       Defendant.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Plaintiff S.M. ("Plaintiff") brought this action for attorney's fees and other relief individually and as parent and next friend of F.M. against Defendant Taconic Hills Central School District ("Defendant") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. See Dkt. No. 1 ("Complaint"). Defendant included a counterclaim for attorney's fees with its answer. See Dkt. No. 6, at 1-5 ("Defendant's Answer"); id. at 6-22 ("Counterclaim"). Both parties have now moved the Court to decide fee awards. Dkt. Nos. 14 ("Plaintiff's Motion"), 15 ("Defendant's Motion"). For the following reasons, the Court grants Plaintiff's Motion in part and denies Defendant's Motion.

**II. BACKGROUND**

Because the parties are presumed to be familiar with the facts of this case, the Court recites them only briefly. For a more complete statement, reference is made to the Complaint.

F.M. is an autistic minor and therefore a child with a disability under the IDEA. Compl. ¶¶ 3, 8-9; Def.'s Ans. ¶¶ 3, 8-9. Pursuant to a consent decree agreed to by the parties, Defendant's

committee on special education ("CSE") met to develop an individualized education program ("IEP") under the IDEA for F.M on January 27, 2010 ("January IEP").[1]  Compl. ¶¶ 13, 15-17; Def.'s Ans. ¶¶ 13, 15-17.  F.M. attended this program from January 28 to March 9, 2010.  Countercl. ¶ 2; Dkt. No. 7 ("Plaintiff's Answer") ¶ 2.  On March 9, F.M.'s special education teacher, who had been specially trained consistent with the consent decree, left Defendant's employ.  Compl. ¶¶ 18-19, 22; Def.'s Ans. ¶¶ 18-19, 22.

On April 22, 2010, F.M.'s parents initiated proceedings against Defendant under the IDEA by requesting an "impartial due process hearing" for, among other things, failure to implement the January IEP.  Compl. ¶¶ 27-28; Def.'s Ans. ¶¶ 27-28; see Dkt. No. 15-5 ("April Complaint").  The impartial hearing officer ("IHO") hearing the April Complaint found that Defendant had denied F.M. the free appropriate public education ("FAPE") he was entitled to under the IDEA, but denied all requested relief to his parents and granted relief instead to Defendant.  Compl. ¶¶ 42-43; Def.'s Ans. ¶¶ 42-43.

Both parties appealed the IHO's decision to the New York State Education Department's Office of State Review.  Compl. ¶¶ 44-45; Def.'s Ans. ¶¶ 44-45.  On April 29, 2011, the state review officer ("SRO") hearing the appeal denied Defendant's cross-appeal, annulled the relief the IHO had granted to Defendant, and granted relief to F.M.'s parents.  Compl. ¶¶ 46-47, 49-50; Def.'s Ans. ¶¶ 46-47, 49-50; see Dkt. No. 15-4 ("SRO Decision").  Neither party appealed to the SRO the IHO's determination that Defendant offered F.M. a FAPE from January 28 through March 9, 2010, and that Defendant denied F.M. a FAPE from March 10 through June 30, 2010.  SRO Decision at 24.

Plaintiff now requests reasonable attorney's fees and related costs pursuant to 20 U.S.C.

---

[1] The consent decree is the basis of another action filed with the Court.  See No. 09-CV-1238.  Other actions filed with the Court relate to F.M.'s IEPs for subsequent school years.  See Nos. 11-CV-1419 (2010-11), 12-CV-1014 (2011-12).

§ 1415(i)(3) as the substantially prevailing party below. Dkt. No. 14-17 ("Plaintiff's Memorandum"). Defendant argues that any award to Plaintiff should be reduced or denied in part and that Defendant should be awarded fees because Plaintiff's allegations that Defendant denied F.M. a FAPE from January 28 through March 9, 2010, were frivolous or vexatious. Dkt. No. 15-1 ("Defendant's Memorandum").

III.  **LEGAL STANDARD**

20 U.S.C. § 1415(i)(3) governs awards of attorney's fees in IDEA cases.[2] Generally, a court has discretion to award reasonable fees to a prevailing party who, like Plaintiff, is the parent of a child with a disability or who, like Defendant, is a State or local educational agency. Id. § 1415(i)(3)(B)(i). In the latter case, an award may be made only if the parent's complaint was filed or pursued frivolously or vexatiously. Id. § 1415(i)(3)(B)(i)(II)-(III). The IDEA prohibits all awards for services rendered after a written offer of settlement is made to a parent if: (1) the offer is made within the time prescribed by Federal Rule of Civil Procedure 68 or, as here, in the case of an administrative proceeding, at any time more than ten days before the proceeding begins; (2) the offer is not accepted within ten days; and (3) a court or administrative officer finds that the relief finally obtained by the parent is not more favorable to the parent than was the offer of settlement; unless (4) the parent was the prevailing party and was substantially justified in rejecting the offer. Id. §§ 1415(i)(3)(D)(i), 1415(i)(3)(E). Otherwise, "a district court must ordinarily make two determinations. It must first determine whether the party

---

[2] The IDEA's fee-shifting provisions are to be interpreted "in consonance with section 1988 and other federal civil fee-shifting statutes, unless there is a specific reason – such as with regard to expert fees – not to do so." A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 73 n.9 (2d Cir. 2005); cf. Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion [regarding § 1988] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). The parties have advanced no reason not to do so here.

3

seeking the award is a prevailing party. If the party is a prevailing party, the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees." Mr. L. v. Sloan, 449 F.3d 405, 407 (2d Cir. 2006) (Sotomayor, J.).

"[A] plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a 'prevailing party.'" A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 75 (2d Cir. 2005). "Where an administrative proceeding results in a purely private settlement," however, "a defendant's change in conduct . . . lacks the necessary administrative *imprimatur* on the change in the legal relationship between the parties" to render the plaintiff a prevailing party for fee-shifting purposes. Id. at 77. A plaintiff need not prevail on every claim to be entitled to fees and may recover for all work "reasonably spent in achieving the favorable outcome." Fox v. Vice, 131 S. Ct. 2205, 2214 (2011). Likewise, a defendant may recover "the portion of his fees that he would not have paid but for [a] frivolous claim." Id. at 2215. Thus, both a plaintiff and a defendant may be "prevailing parties" and entitled to fees within a single case that addresses multiple issues, some of which were frivolous and on some of which a plaintiff obtained relief.

If awarded, the fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," with no "bonus or multiplier." 20 U.S.C. § 1415(i)(3)(C). Courts must "make an initial estimate of reasonable attorney's fees by applying prevailing billing rates to the hours reasonably expended on successful claims." Blanchard v. Bergeron, 489 U.S. 87, 94 (1989); accord A.R. ex rel. R.V., 407 F.3d at 79. The figure generated by this "lodestar" method is strongly presumed reasonable,[3] A.R. ex rel. R.V., 407 F.3d at 79; accord

---

[3] It has been suggested that the "lodestar" fee "is more aptly termed the 'presumptively reasonable fee.'" Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008).

4

Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673 (2010), but may be adjusted if necessary to ensure that it is enough to attract competent counsel to similar cases without providing windfalls to attorneys. See Perdue, 130 S. Ct. at 1672-75.[4]

Sometimes "even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all." Farrar v. Hobby, 506 U.S. 103, 115 (1992). For example, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. (citation omitted).

## IV. DISCUSSION

### A. Prevailing-Party Status

Plaintiff obtained relief on the merits in an IDEA proceeding and therefore is a prevailing party and eligible to recover attorney's fees. See A.R. ex rel. R.V., 407 F.3d at 75; SRO Decision at 30. Defendant suggests that it, too, is a prevailing party because Plaintiff brought two distinct claims regarding Defendant's failure to properly offer F.M. a FAPE – one for January 28 until March 9, 2010, for which Defendant claims prevailing-party status, and another for March 9, 2010, through the end of the school year, on which Plaintiff prevailed. See, e.g., Dkt. No. 21, at 10-13. After reviewing the record, the Court concludes the case is not properly severable in that manner. See generally Apr. Compl.; Dkt. No. 15-5 ("IHO Decision"); SRO Decision. Rather, Plaintiff brought a single claim alleging improper implementation of the January IEP generally. See Apr. Compl. The IHO then determined, and the parties did not further contest, that Defendant's failure to implement the January

---

[4] The twelve Johnson factors cited by both parties were disapproved by the U.S. Supreme Court in Perdue because they almost always are subsumed within the lodestar calculation. See Perdue, 130 S. Ct. at 1671-75 (citing, *inter alia*, Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)); Millea v. Metro-North R.R., 658 F.3d 154, 167-69 (2d Cir. 2011).

5

IEP began only on March 9, 2010. See SRO Decision at 24. That Defendant successfully narrowed the scope of Plaintiff's claim by establishing that liability began at a later date might affect the size of Plaintiff's fee award, but it does not mean that Defendant was the prevailing party on a separate claim. The Court therefore holds that Defendant is not a prevailing party and is ineligible to recover attorney's fees.[5]

### B. Settlement Bar

On May 4, 2010, Defendant made a written offer of settlement to Plaintiff regarding the April Complaint. Dkt. No. 15-6, at 6. The first hearing was held on May 17, 2010, to determine F.M.'s pendency placement, and merits hearings began on July 1, 2010. IHO Decision at 1. Plaintiff never accepted the offer. Countercl. ¶ 9; Pl.'s Ans. ¶ 1. Therefore, an offer was both properly made more than ten days before the administrative proceeding began and not accepted within ten days, fulfilling the first two requirements of the IDEA's bar to recovery of attorney's fees after an offer of settlement. See 20 U.S.C. §§ 1415(i)(3)(D)(i)(I)-(II).

The Court must next determine whether the relief finally obtained by Plantiff is more favorable to her than was the offer of settlement; if it were not, she would be ineligible to recover attorney's fees unless she was substantially justified in rejecting the offer.[6] See id. §§ 1415(i)(3)(D)(i)(III),

---

[5] Even if Defendant were the prevailing party on a distinct claim regarding its implementation of the January IEP prior to March 9, 2010, it still would not be eligible for attorney's fees, because Plaintiff did not file or pursue her claim frivolously or vexatiously. See 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III). And even if Defendant were eligible to recover attorney's fees, the Court would exercise its statutory discretion to deny such an award. Cf. J.G. v. Kiryas Joel Union Free Sch. Dist., 843 F. Supp. 2d 394, 397 (S.D.N.Y. 2012).

[6] The Court determined *supra* that Plaintiff is the prevailing party.

6

1415(i)(3)(E). The Court finds that Plaintiff did obtain more favorable relief, if only slightly.[7]

Defendant's proposed settlement offered compensatory services in an unspecified amount and form, while the SRO ordered Defendant to provide compensatory services specifically "in an amount equal to the 200 minutes per school day of instruction from a special education teacher that [F.M.] missed" from March 9, 2010, when Defendant ceased implementing the January IEP, until the end of the school year.[8] Compare Dkt. No. 15-6, at 6, with SRO Decision at 30. An order of specific benefits to be delivered to a plaintiff is more favorable to that plaintiff than is a settlement offer containing less precise terms.[9] See B.R. v. Lake Placid Cent. Sch. Dist., No. 07-CV-1195, 2009 WL 667453, at *3

---

[7] Neither party has pointed to any authority that the relief finally obtained must be "substantially" more favorable to Plaintiff than was the settlement offer to defeat the IDEA's settlement bar, nor does the statutory text make any such indication. The Court therefore analogizes to the general operation of the fee-shifting framework described *supra* and holds that a plaintiff will defeat the IDEA's settlement bar by obtaining an order that is at all more favorable to that plaintiff, but that the amount by which the order is more favorable will affect any award of fees for work performed after the offer of settlement. See C.G. v. Ithaca City Sch. Dist., No. 11-CV-1468, 2012 WL 4363738, at *3 (N.D.N.Y. Sept. 24, 2012) ("[T]he relief finally obtained by [the plaintiff] was more favorable, albeit slightly, than that offered in the District's memorandum of agreement. [The plaintiff] is therefore not precluded from receiving attorneys' fees and related costs which accrued after [the settlement offer]."); id. at *4 (awarding only 20% of hours expended after the offer of settlement in light of its "substantial similarity" to, and therefore the limited degree of success in, the administratively-ordered relief obtained thereafter); Mrs. M. ex rel "T" v. Tri-Valley Cent. Sch. Dist., 363 F. Supp. 2d 566, 572 (S.D.N.Y. 2002) ("Although just barely, the final settlement afforded plaintiff more relief than she was offered in the . . . settlement letter. Therefore, plaintiff is not barred from recovering attorney's fees.").

[8] Defendant argues that the SRO Decision was more specific than the proposed settlement only because the SRO had the advantage of more information when he issued his decision nearly a year after Defendant sent its offer of settlement to Plaintiff. See, e.g., Dkt. No. 27, at 6-7. That may be true with regard to the end date of the period for which Defendant owes compensatory services, but it is not true with regard to the per-day amount and form of those services. Moreover, the later availability of more (or less) favorable information is part of the gamble a plaintiff takes in rejecting a settlement offer.

[9] Although a vague settlement term could hypothetically result in benefits to a plaintiff that are more favorable than those specified in a later order, that likely often will not be the case. Moreover, holding that specific terms are more favorable than vague terms should encourage defendants to make settlement offers containing specific terms, which will aid comparison of the terms of orders and

7

(N.D.N.Y. Mar. 10, 2009).

Even if the SRO Decision were not more favorable to Plaintiff than was Defendant's settlement offer, Plaintiff was substantially justified in rejecting the settlement offer for two reasons. First, as discussed *supra*, Plaintiff had a nonfrivolous basis in law for rejecting vague terms. See B.R., 2009 WL 667453, at *3; R.N. v. Suffield Bd. of Educ., 194 F.R.D. 49, 52-53 (D. Conn. 2000) (holding that the plaintiffs were substantially justified in rejecting even a settlement offer that was more generous than the relief finally obtained because the plaintiffs' ultimately unsuccessful position had a nonfrivolous legal basis). And second, Plaintiff was concerned that because some of the proposed settlement terms had no deadlines or penalties for delay, she would effectively have waived F.M.'s right to a FAPE. See Dkt. No. 25, at 6. The Court therefore concludes that the IDEA's settlement bar does not preclude an award of attorney's fees to Plaintiff for services rendered by her attorney in this case after Defendant's offer of settlement because she obtained relief more favorable than Defendant's settlement offer or, alternatively, because she was substantially justified in rejecting Defendant's settlement offer. See 20 U.S.C. §§ 1415(i)(3)(D)(i)(III), 1415(i)(3)(E).

### C. Reasonable Fees

Having established that Plaintiff is eligible for attorney's fees, the Court in its discretion awards attorney's fees and related expenses to Plaintiff in this case. 20 U.S.C. § 1415(i)(3)(B). Accordingly, the Court must determine the rate prevailing in Plaintiff's community for the kind and quality of services furnished by her attorneys here and multiply that figure by the number of hours reasonably expended. Id. § 1415(i)(3)(C); A.R. ex rel. R.V., 407 F.3d at 79.

---

proposed settlements if plaintiffs reject defendants' offers.

*1. Prevailing Hourly Rates*

Plaintiff has cited three in-district § 1983 cases from the past several years and submitted several affirmations of IDEA practitioners in the Western and Northern Districts of New York to support her claim that the appropriate rate for her attorneys' work in this case is $275 per hour. See Dkt. No. 14-17, at 4-5; see also C.G. v. Ithaca City Sch. Dist., No. 11-CV-1468, 2012 WL 4363738, at *4-5 (N.D.N.Y. Sept. 24, 2012) (awarding $275 per hour in an IDEA case to Plaintiff's attorneys). The affirmations show hourly rates ranging from $225 to $285. See Dkt. Nos. 14-12; 14-13; 14-14; 14-15. Many other recent cases in this district have resulted in fee awards of $210 per hour, see Hofler v. Family of Woodstock, Inc., No. 07-CV-1055, 2012 WL 527668, at *4 (N.D.N.Y. Feb. 17, 2012) (collecting cases), while Plaintiff's retainer agreement provides for an attorney's fee of $250 per hour if Plaintiff had waived recovery of fees in a settlement with Defendant. See Dkt. No. 15-26, at 4.

Based on the foregoing, and mindful that fee awards must reflect current rates, see Farbotko v. Clinton Cnty., 433 F.3d 204, 210 n.11 (2d Cir. 2005), the Court finds that $250 per hour remains in line with prevailing rates in the relevant community for the kind and quality of services furnished.[10] See 20 U.S.C. § 1415(i)(3)(C); cf. Perdue, 130 S. Ct. at 1675 n.7 ("There is nothing unfair about

---

[10] The Court acknowledges that the $275 per hour awarded to Plaintiff's attorneys in C.G., 2012 WL 4363738, may also be in line with prevailing rates, according to the affirmations submitted by Plaintiff. However, the Court declines to follow that case's lead for two reasons. First, unlike here, the request for $275 per hour was unopposed in C.G. Id. at *4. And second, there is no evidence that any client, as opposed to a losing defendant subject to fee shifting, has actually paid that rate. See K.F. v. N.Y.C. Dep't of Educ., No. 10 Civ. 5465, 2011 WL 2565353, at *4 (S.D.N.Y. June 15, 2011) (ordering the plaintiff, represented by Plaintiff's attorneys, to supplement the affidavits or declarations submitted in support of a fee request to show whether the asserted hourly rates were ever actually paid by a client); see also E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ., No. 11 Civ. 5243, 2012 WL 398643, at *4 (S.D.N.Y. Feb. 6, 2012) ("[I]t appears that [Plaintiff's attorneys] and other IDEA attorneys engage in a round-robin, in which each supports the others' fee applications by providing sworn statements for submission to the Court."); cf. Arbor Hill, 522 F.3d at 190 (2d Cir. 2008) ("A reasonable hourly rate is the rate a *paying* client would be willing to pay." (emphasis added)).

9

compensating these attorneys at the very rate that they requested."). One of the three attorneys working on this case, although an experienced school administrator, has been practicing law for only a short time despite earning his J.D. decades ago. See Dkt. No. 14-16, at 1. The Court therefore finds a rate of $175 per hour appropriate for his time.

Plaintiff also requests an award of paralegal fees at $125 per hour. See Dkt. No. 14-8, at 7. Plaintiff has pointed the Court to no evidence that this is an appropriate rate in the Northern District of New York. See T.K. ex rel. L.K. v. N.Y.C. Dep't of Educ., No. 11 Civ. 3964, 2012 WL 1107660, at *6 (S.D.N.Y. Mar. 30, 2012) (finding the uncontested hourly rates of $90 and $125 for two paralegals reasonable in an IDEA case in New York City). Accordingly, the Court finds that $80 per hour is a reasonable base rate for the paralegal work in this case. See Lee v. City of Syracuse, No. 03-CV-1329, 2012 WL 2873533, at *1 (N.D.N.Y. July 12, 2012) ("The prevailing hourly rate for a paralegal is $80."). One of the two paralegals working on this case has extensive experience in the IDEA field, and the Court therefore finds a rate of $90 per hour appropriate for her time. See Dkt. No. 14-8, at 8; N.C. v. Oneida City Sch. Dist., No. 07-CV-1230, 2010 WL 3981823, at *6 (N.D.N.Y. Oct. 8, 2010) (finding $90 per hour reasonable for this same paralegal in another IDEA case).

### 2. *Hours Reasonably Expended*

A court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success." JWJ Indus., Inc. v. Oswego Cnty., No. 09-CV-0740, 2013 WL 791603, at *4 (N.D.N.Y. Mar. 4, 2013) (citing Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983)); Jimico Enters., Inc. v. Lehigh Gas Corp., No. 07-CV-0578, 2011 WL 4594141, at *10 n.7

(N.D.N.Y. Sept. 30, 2011) (collecting cases). The Court reduces fees here in two ways.[11] First, it finds that billing for two lawyers to appear at the administrative hearings in this case is unreasonable, and excludes the hours spent by the less-experienced lawyer at the hearings and in related travel. See K.F. v. N.Y.C. Dep't of Educ., No. 10 Civ. 5465, 2011 WL 3586142, at *7 (S.D.N.Y. Aug. 10, 2011) (excluding as surplus the hours of this same attorney at contemporaneous administrative hearings in another IDEA case); see also C.G., 2012 WL 4363738, at *4 (excluding as surplus the hours of another attorney from Plaintiff's attorneys' firm at administrative hearings in an IDEA case). Second, in light of the limited relief obtained in excess of Defendant's May 4, 2010, settlement offer, the Court reduces all hours for work performed subsequent to the offer, except work related to this fee litigation, by 50%.[12] See C.G., 2012 WL 4363738, at *4 (awarding only 20% of hours expended in an IDEA case after an offer of settlement in light of the offer's "substantial similarity" to, and therefore the limited degree of success in, the administratively-ordered relief obtained thereafter); Hofler, 2012 WL 527668, at *7 (reducing fees by 50% across an entire case); Mrs. M. ex rel "T" v. Tri-Valley Cent. Sch. Dist., 363 F. Supp. 2d 566, 573 (S.D.N.Y. 2002) (reducing fees by 50% for limited success in an IDEA case).

  *3. Calculation*

With the foregoing in mind, the Court calculates Plaintiff's award as follows. See Dkt. Nos. 14-9, 14-11. Travel time, which is compensated at 50% of an attorney's ordinary hourly rate, see

---

[11] The Court finds that the provisions of the IDEA relating to mandatory fee reduction under certain circumstances do not apply here. See 20 U.S.C. §§ 1415(i)(3)(F)-(G).

[12] Defendant offered to settle attorney's fees with Plaintiff prior to this litigation, but did not do so according to Federal Rule of Procedure 68. See Dkt. No. 21, at 25. Compliance with Rule 68 would have entitled Defendant to fees for this litigation if the Court's award were less than Defendant's offer. See FED. R. CIV. P. 68(d). To encourage use of the Rule 68 mechanism, the Court declines to exercise its discretion to deny an award of fees for this litigation. See Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 542-43 (S.D.N.Y. 2008).

11

Hofler, 2012 WL 527668, at *4, is included where applicable by reducing travel hours billed by 50% but charging those hours at the full rate.[13]

### a. Pre-Offer Fees

| | |
|---|---|
| One (1) Attorney at $250 per hour for 27.9 hours: | $6,975.00. |
| One (1) Paralegal at $90 per hour for 0.2 hours: | $18.00. |
| ***Subtotal:*** | ***$6,993.00.*** |

### b. Post-Offer Fees

| | |
|---|---|
| One (1) Attorney at $250 per hour for 186 hours: | $46,500.00. |
| One (1) Attorney at $250 per hour for 48.4 hours: | $12,100.00. |
| One (1) Attorney at $175 per hour for 16.2 hours: | $2,835.00. |
| One (1) Paralegal at $90 per hour for 2.7 hours: | $243.00. |
| One (1) Paralegal at $80 per hour for 7.9 hours: | $632.00. |
| ***Subtotal:*** | ***$62,310.00.*** |

### c. Federal Fee Litigation Fees

| | |
|---|---|
| One (1) Attorney at $250 per hour for 12.2 hours: | $3,050.00. |
| One (1) Attorney at $250 per hour for 17.1 hours: | $4,275.00. |
| One (1) Attorney at $175 per hour for 1.1 hours: | $192.50. |
| One (1) Paralegal at $80 per hour for 0.4 hours: | $32.00. |
| ***Subtotal:*** | ***$7,549.50.*** |

### d. Expenses

| | |
|---|---|
| Administrative Proceeding Expenses: | $8,116.28. |

---

[13] Plaintiff's time sheets have already applied this calculation. See, e.g., Dkt. No. 14-9, at 21.

| | |
|---|---|
| Federal Fee Litigation Expenses: | $350.00. |

*Subtotal:* **$8,466.28.**

e. Totals

*Total fees:* **$76,852.50.**

*Total expenses:* **$8,466.28.**

**GRAND TOTAL: $85,318.78.**

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 14) for attorney's fees is **GRANTED in part** consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Plaintiff is awarded $76,852.50 in attorney's fees and $8,466.28 in related expenses for a total of $85,318.78 to be paid by Defendant; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 15) for attorney's fees is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: March 20, 2013
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge