UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

S.M., individually and as parent and next
friend of F.M., a child with a disability,

                Plaintiff,

        -against-                          1:11-CV-1085 (LEK/RFT)

TACONIC HILLS CENTRAL SCHOOL
DISTRICT,

                Defendant.

## DECISION and ORDER

### I. INTRODUCTION

On March 20, 2013, the Court awarded Plaintiff S.M. ("Plaintiff") attorney's fees against Defendant Taconic Hills Central School District ("Defendant") as the prevailing party in this case under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Dkt. No. 33 ("March Order"). Defendant has now asked the Court to reconsider the March Order. See Dkt. No. 35 ("Motion"). For the following reasons, Defendant's Motion is denied.

### II. BACKGROUND

The parties are presumed to be familiar with the facts of this case. For a statement of the claims and factual background, reference is made to the March Order or to the Complaint. See Dkt. No. 1 ("Complaint"); Mar. Order.

### III. LEGAL STANDARD

"The standard for granting a motion for reconsideration is strict. [It] 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" Paulino v. Fischer, No. 12-CV-0076, 2012 WL 6114934, at *2 (N.D.N.Y. Dec. 10, 2012) (quoting Shrader v. CSX Transp.,

Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  Nor is it "to be used for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Id. (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  "Generally, the prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'"  Sumner v. McCall, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995)).

Defendant does not argue that there has been an intervening change in controlling law or that material evidence is newly available.  See Dkt. No. 35-1 ("Memorandum").  The Court therefore will reconsider the March Order only as necessary to correct a clear error of law or prevent manifest injustice.  "This is a demanding standard."  Sumner, 103 F. Supp. 2d at 558.  "It is not enough . . . that [a party] could now make a more persuasive argument . . . .  The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated."  Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981) (Friendly, J.) (internal quotation marks omitted).

**IV.   DISCUSSION**

    **A.  Travel Expenses and Witness Cancellation Fee**

Defendant asserts two specific bases for reduction of the fee award against it.  First, it seeks to have $2,118.51 in travel expenses deducted from the award because they relate to the travel of an attorney whose time the Court excluded as unreasonably expended.  See Mem. at 2-3.  The evidence

underlying this request was previously available as a collection of receipts submitted with Plaintiff's Motion for attorney's fees, but this is the first time that an accounting of those receipts as they relate to the attorney in question has been provided to the Court. See Dkt. No. 14-10. In the March Order, the Court granted Defendant's request to "eliminate all of the time billed" for that attorney; Defendant did not request in its motion papers that related costs be excluded as well, nor did Defendant provide an accounting enabling the Court to do so. Dkt. No. 21 at 29; see Mar. Order. Defendant's position is logical, but late. Accordingly, the Court finds no clear error or manifest injustice in its prior decision on this basis.

Second, Defendant seeks to have $800 deducted from the fee award because that amount represents a cancellation charge assessed by Plaintiff's expert due to a scheduling error by one of Plaintiff's attorneys. See Mem. at 3. "[T]he IDEA does not authorize an award of expert fees." Arlington Cent. Sch. Dist. v. Murphy, 548 U.S. 291, 301 (2006). However, because the Court applied a blanket 50% reduction to Plaintiff's fee award for the relevant time period, representing tens of thousands of dollars, the Court finds no clear error or manifest injustice in having failed to itemize the deduction of the $800 cancellation charge. See M.C. v. Lake George Cent. Sch. Dist., No. 10-CV-1068, 2013 WL 1814491, at *4 n.6 (N.D.N.Y. Apr. 29, 2013) (Kahn, J.) (citing Goldring v. Dist. of Columbia, No. Civ.A.02-1761, 2005 WL 3294005, at *4 (D.D.C. May 26, 2005) ("A district court should avoid countenancing criticisms of fee claims that amount to nit-picking.")).

### B. Unsuccessful Claims

Finally, Defendant seeks to relitigate its position that Plaintiff brought distinct claims, some of which were unsuccessful and should not form the basis of a fee award. Compare Mem. at 4-8,

with Dkt. No. 21 at 8-18. Defendant cites to Hensley v. Eckerhart, where the Supreme Court stated that "[w]here the plaintiff has failed to prevail on a claim that is *distinct in all respects from his successful claim(s)*, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." 461 U.S. 434, 435 (1983) (emphasis added). As the Court stated in the March Order, however, this case does not involve distinct, severable claims; rather, it involves a single claim that was not as successful as it might have been. See Mar. Order at 5-6. The Court therefore will not reconsider the March Order. Cf. E.S. v. Katonah-Lewisboro Sch. Dist., 796 F. Supp. 2d 421, 427-28 (S.D.N.Y. 2011) (holding that fee awards should not be reduced even for unsuccessful claims if those claims have facts and legal issues in common with successful claims).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 35) for reconsideration of the March Order (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:    June 10, 2013
          Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge